O’NIELL, C. J.
 

 The plaintiff obtained an injunction, after trial of a rule to show cause why the injunction should not issue, arresting a foreclosure of a
 
 mortgage on
 
 his property via executiva. The defendant in the injunction suit, plaintiff in the executory proceedings, appealed from the order granting the injunction. Thereafter the injunction suit was tried on its merits, by another judge of the district court, and he gave judgment in favor of the defendant, dissolving the injunction and condemning the plaintiff to pay the defendant $250 damages for attorney’s fees and 5 per cent, as statutory damages, on the amount claimed in the ex-ecutory proceedings. The plaintiff in the injunction suit appealed from the latter judgment ; and the two appeals were argued and submitted as one case.
 

 The injunction was asked for and granted on the ground that Mrs. Katherine Wilkinson Barnett, holder and owner of the mortgage notes, had consented, for a valuable consideration, to extend the time of payment, and that the notes were therefore not due when the foreclosure proceedings were filed. The notes were for $7,750, and were given by Mrs. Grace English Wolf and secured by a mortgage on her five city lots in Shreveport. It is not disputed that the attorney then representing Mrs. Barnett, who was her uncle and had been her tutor and manager of all of her business affairs, agreed to the extension of the time for payment of the notes, in consideration for S. B. Simon’s buying the mortgaged property from Mrs. Wolf and assuming the debt. The attorney had brought foreclosure proceedings on the notes, and, as Mrs. Wolf had no other property, it seemed likely that Mrs. Barnett would have to take over the mortgaged property in payment of the notes; which was not desirable on the part of her attorney. Simon was a man of financial responsibility, whose personal obligation to pay the notes insured their payment. The property was to be sold in the foreclosure proceedings on the 2Sth of Febru'ary, 1929; and, in consideration for the extension of the time of payment until the 3d of November, Simon bought the property from Mrs. Wolf on the 22d of February, and assumed her debt. The attorney for Mrs. Barnett died soon after, and his son and law partner carried out his father’s agreement by discontinuing the foreclosure proceeding and withdrawing the mortgage notes from the record. In May, 1929, Mrs. Barnett, represented by another attorney at law, instituted the foreclosure proceedings now in contest. It is contended by the attorney that Mrs. Barnett’s former attorney had no authority in law, either as tutor or as attorney for Mrs. Barnett, to grant the extension of time for payment of the notes. The evidence shows, however, that Mrs. Barnett was advised of the transaction before it was consummated,
 
 *645
 
 made no objection to it, and got the benefit of it in the form of better security for the payment of the notes. She thereby authorized and approved the transaction by which the time of payment of the notes was extended. The injunction, therefore, should not have been dissolved.
 

 We observe that the extension of time for the payment of the notes expired on the 3d of last November, while these appeals were pending, since which date Mrs. Barnett has been free to go on with her foreclosure proceedings, which she may have done, for all that we know. The only matter in contest, therefore, is the judgment rendered against Simon for $250 attorney’s fees and 5 per cent, statutory damages, and the court costs. As he was entitled to the injunction, he is not liable for Mrs. Barnett’s attorney’s fee, nor for damages, and should not be held liable for the court costs. There would have been no authority in law for the judgment rendered against him for statutory damages, even if the injunction should have been dissolved. The only case in which statutory damages are allowable in a judgment dissolving an injunction is where the injunction has arrested execution of a money judgment; in which case statutory damages, not exceeding 20 per cent, “on the amount of the Judgment,” may be allowed. Code of Practice, art. 304; Whitney-Central National Bank v. Sinnott, 136 La. 95, 66 So. 551.
 

 The judgment or order of court granting the injunction, from which Mrs. Katherine Wilkinson Barnett appealed, is affirmed; and the judgment dissolving the injunction and condemning the plaintiff, S. B. Simon, to pay Mrs. Barnett $250 attorney’s fees and 5 per cent, statutory damages, is annulled. Mrs. Barnett is to pay all costs incurred in her executory proceedings up to and including the 3d of November, 1929, and all of the costs of this injunction suit.